O'Melveny

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

December 26, 2023

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

**VIA ECF**

Hon. Paul A. Crotty
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Ingber v. New York University*, 23-CV-10023 (SDNY) (PAC)

Dear Judge Crotty:

  Defendant New York University ("NYU" or "the University") respectfully requests a pre-motion conference in anticipation of its motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The complaint must be dismissed because (i) it cannot plausibly allege that the University's multifaceted effort to respond to antisemitism on campus constitutes "deliberate indifference"; and (ii) claims challenging the sufficiency of NYU's response while that response is ongoing are unripe.  At a minimum, NYU will seek to stay this action.

  To prevail, Plaintiffs must show that NYU acted with "deliberate indifference" because it failed to respond to discriminatory conduct or responded only "after a lengthy and unjustified delay."  *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012).  The complaint shows the opposite—that there is no place for antisemitism at NYU, and there never will be.  The University condemned the horrific October 7, 2023 terrorist attack in Israel, Compl. ¶ 110, and it quickly adopted a robust 10-Point Plan to promote the safety and well-being of its students, *see id.*

¶ 170 & Ex. A.[1]  This plan of action guides NYU's steps every day.  Ex. B.  The University ramped up security, adding over 9,000 hours of Campus Safety Officer deployment and more than 1,300 hours of NYPD police officer patrols around campus.  *Id.*  Its president and senior leaders have met regularly with key stakeholders, including Jewish groups.  Compl. ¶¶ 140, 172, 174.  It affirmed—early and unequivocally—that its non-discrimination policies prohibit antisemitism, including calls to violence, among many other things.  Exs. C & D.  When policy violations occur, the University has conducted appropriate disciplinary proceedings and taken other actions.  Ex. B.  NYU will continue to combat antisemitism—including through its new Center for the Study of Antisemitism—and the actions that it has taken to date cannot possibly be described as deliberate indifference.  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) (deliberate indifference akin to requiring an "official decision . . . not to remedy [a] violation.").  Plaintiffs ask this Court to short-circuit these ongoing processes and to engage in the sort of "second-guessing" of schools that the Supreme Court discourages.  *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648-49 (1999) (deliberate indifference standard does not create a right to "particular remedial demands" or to insist that administrators "engage in particular disciplinary action").

**I.      Plaintiffs' Claims Are Not Ripe and Should Be Dismissed Under Rule 12(b)(1).**

This lawsuit turns on NYU's response to alleged misconduct by certain members of the NYU community after the October 7 attack, but it is—at minimum—premature to evaluate a response that is ongoing and continues to evolve.[2]  The NYU Office of Student Conduct has

---

[1] The Court can properly consider NYU's 10-Point Plan because the complaint incorporates it by reference.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  The Court can also consider extrinsic evidence when ruling on a Rule 12(b)(1) motion.  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

[2] The complaint relies on alleged incidents that occurred before Plaintiffs enrolled on campus.  *See* Compl. ¶¶ 52-80.  They could not claim personal injury stemming from such events alone, and in any event, such allegations would be time-barred.  *See Al-Haideri v. Trs. of Columbia Univ.*, 2007 WL 2187102, at *2 (S.D.N.Y. July 26, 2007).

reviewed more than 90 relevant cases, a number of which have resulted in suspension or other discipline, while others remain under investigation.  Ex. B.  Those processes have not run their course, and this Court cannot entertain a claim that is "contingent on future events," *see N.Y.C.L.U. v. Grandeau*, 528 F.3d 122, 133 (2d Cir. 2008) (quotation omitted).  Proceeding now would impose a "hardship" on NYU, *see id.* at 132, by disrupting the University's efforts to remedy tensions on its campus and infringing on "the flexibility" it needs to function, *see Davis*, 526 U.S. at 648-49.

## II.    The Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Claim.

Title VI allows suit against universities for third-party conduct only where a school's "own deliberate indifference effectively caused the discrimination."  *Davis*, 526 U.S. at 642-43; *Zeno*, 702 F.3d at 665.  But the complaint acknowledges—while deeply understating—some of the University's actions in response to recent events on campus.  *See supra* at 1-2.  Such allegations belie any claim that the University has unjustifiably delayed its response, much less "fail[ed] to respond."  *See Zeno*, 702 F.3d at 666; *Doe v. Trs. of Columbia Univ.*, 2022 WL 3666997, at *14 (S.D.N.Y. Aug. 25, 2022).

The state- and city-law claims fail for much the same reason (and additional ones).  The claims under Executive Law § 296 and Civil Rights Law § 40-c rise and fall with the Title VI claim.  *See, e.g.*, *Padmanabhan v. N.Y. Inst. of Tech.*, 2019 WL 4572194, at *5 (S.D.N.Y. Sept. 20, 2019).  The same is true of the attempts to shoehorn a discrimination claim into one for breach of contract or claims that plainly target fraud.[3]  And because NYU's response here goes well beyond the federal floor, Plaintiffs' New York City Human Rights Law claim fails, too.  *See, e.g.*, *Spires v. MetLife Group, Inc.*, 2019 WL 4464393, at *7 (S.D.N.Y. Sept. 18, 2019).

---

[3] *See Xiaolu Peter Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 481-82 (S.D.N.Y. 2015); *see also In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 421-22 (S.D.N.Y. 2021).

Sincerely,

Daniel M. Petrocelli
*Pro Hac Vice Admission Pending*
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
E-mail: dpetrocelli@omm.com

/s/ Daniel L. Cantor

Daniel L. Cantor
O'MELVENY & MYERS LLP
7 Times Square
30th Floor
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-Mail: dcantor@omm.com

*Attorneys for Defendant New York University*