# KASOWITZ BENSON TORRES LLP

1633 BROADWAY  
NEW YORK, NEW YORK 10019  
(212) 506-1700  
FAX: (212) 506-1800

MARC E. KASOWITZ  
DIRECT DIAL: (212) 506-1710  
DIRECT FAX: (212) 835-5010  
MKASOWITZ@kasowitz.com

ATLANTA  
HOUSTON  
LOS ANGELES  
MIAMI  
NEWARK  
SAN FRANCISCO  
SILICON VALLEY  
WASHINGTON DC

**VIA ECF**                                                                                              December 29, 2023

The Honorable Paul A. Crotty  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

      Re:    <u>Ingber et al. v. New York University</u>, Case No. 1:23-cv-10023 (SDNY) (PAC)

Dear Judge Crotty:

      We write on behalf of plaintiffs Bella Ingber and Sabrina Maslavi in response to defendant NYU's letter (ECF 19) requesting a pre-motion conference concerning its proposed motion to dismiss or stay plaintiffs' claims for damages they have suffered and for urgently needed civil rights protection.  In their complaint (ECF 1, cited as "¶ __"), plaintiffs provide detailed allegations of "pervasive acts of hatred, discrimination, harassment, and intimidation" on NYU's campus and the clear unreasonableness and gross inadequacy of NYU's response.

      NYU says that because it plans to open a "Center for the Study of Antisemitism" next fall and has issued a (patently inadequate) "10-Point Plan"—"plans" and "processes" which NYU says are "evolv[ing]"—this Court must dismiss plaintiffs' claims or must compel plaintiffs to wait for some unspecified period to see if the hostile educational environment on NYU's campus is remedied.  Meanwhile, plaintiffs are forced to run a daily gauntlet of unconscionable harassment on campus—harassment NYU would not tolerate if directed at any other group—where Jewish students are physically and verbally assaulted, subjected to genocidal threats such as "Hitler was right," "gas the Jews," and "death to kikes" (*e.g.*, ¶¶ 101, 128-30, 142-62, 179-

86), and forced to traverse university buildings past students and faculty chanting antisemitic slogans and brandishing antisemitic posters (*e.g.*, ¶¶ 118, 123, 147, 176, 178).  Incredibly, even as plaintiffs allege that they fear for their physical safety, NYU insists that it is the victim, complaining that allowing this lawsuit to proceed would impose a "hardship on *NYU* by . . . infringing on the flexibility it needs to function." (emphasis added).

NYU's proposed motion is contrary to controlling Title VI law.  Not only would granting the motion deny plaintiffs their right to seek relief, but it would also provide every defendant a roadmap for avoiding or delaying accountability for egregious discrimination by simply announcing "ongoing" "plans" and "processes."  NYU does not, as it cannot, cite any authority justifying such an extraordinary result, and a pre-motion conference would be a waste of the Court's and the parties' resources.  In any event, plaintiffs intend to file an amended complaint by January 31, 2023, adding plaintiffs and further allegations of recent antisemitic harassment on campus—which only confirm the falsity of NYU's assurances that it is solving the problem.

NYU has violated Title VI both by its direct discrimination against plaintiffs (*e.g.*, ¶¶ 188-205)—allegations which NYU ignores and which themselves preclude dismissal—and by its deliberate indifference to its hostile educational environment (*e.g.*, ¶¶ 110-22, 172-75, 179-86).  As to the latter, NYU asserts that because it has supposedly done something—that is, anything—in response to antisemitism, plaintiffs cannot plausibly allege NYU's deliberate indifference.  That is not so.  "[D]eliberate indifference may be found both when the *defendant's response to known discrimination is clearly unreasonable* in light of the known circumstances *or* when remedial action only follows after a lengthy and unjustified delay*"*—not just the latter, as NYU suggests.  *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 596 (S.D.N.Y. 2011) (citation omitted) (emphasis added); *see also Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655,

669 (2d Cir. 2012) ("Responses that are not reasonably calculated to end harassment are inadequate." (citations omitted)).  Here, as the complaint extensively alleges, NYU's response (or lack thereof) has been both unreasonable and unjustifiably delayed.  Moreover, plaintiffs' allegations and NYU's supposed response are issues that are "fact-specific and . . . best left for trial."  *Koumantaros v. CUNY*, 2007 WL 840115, at *15 (S.D.N.Y. Mar. 19, 2007) (citation omitted).  It goes without saying that such issues of fact mandate denial of any motion to dismiss.  The same applies equally to plaintiffs' state and city law claims.

Moreover, while the horrific October 7 massacre turbocharged the antisemitism permeating NYU's campus, NYU's hostile environment and deliberate indifference have been longstanding.  Over three years ago, NYU entered into an agreement with the Department of Education's Office of Civil Rights, under which NYU committed to "address and ameliorate" antisemitic discrimination and harassment (*see* ¶¶ 81-86).  NYU has abjectly failed to fulfill its obligations under that agreement (*e.g.*, ¶ 97)—which itself confirms the hollowness of NYU's meritless ploy here to continue to be left to its own deliberately indifferent devices.

In sum, given that every argument NYU advances is legally insufficient and, at best, presents issues of fact inappropriate to decide on a motion to dismiss, and that plaintiffs will shortly file an amended complaint raising even further allegations, NYU's request for a pre-motion conference should be denied.

Respectfully,

Marc E. Kasowitz