**Jonathan Wallace, Esq.**
**PO #728**
**Amagansett, New York 11930**
**917-359-6234**
**jonathan.wallace80@gmail.com**

January 25, 2024

VIA ECF

Hon. Paul A. Crotty
United States District Judge,
Southern District of New York

Re: Ingber v. New York University, 23-CV-10023 (SDNY) (PAC)

Dear Judge Crotty:

    I represent Andrew Ross, an NYU professor mentioned by name in the Complaint, and accused of anti-Semitism. I file this letter motion to request a pre-motion conference regarding a motion to intervene as a defendant under FRCP Rule 24(a).

    Dr. Ross is not an anti-Semite but has with deep conviction spoken and written his criticism of the actions of the nation-state Israel. Plaintiffs ask this Court to order NYU to implement a definition of anti-Semitism so broad that it would end or chill virtually all First Amendment protected criticism of Israel or pro-Palestinian speech by NYU faculty, students and staff, on or off campus. As a non-party, Dr. Ross' academic and personal freedoms would therefore be gravely harmed by the grant of the requested relief in this case.

    NYU will not assertively defend Dr. Ross's interests. Despite the Plaintiff's dissatisfaction with the university's efforts, NYU is already applying a definition of anti-Semitism that is extremly vague and overbroad. Faculty have been summoned for discussions with HR for pro-Palestinian posts on external social media unaffilated with NYU. Students have already been reprimanded, placed on probation and suspended for activities involving purely political speech, such as placing fliers about the Gaza war on campus. NYU has announced a problematic "Zero Tolerance" policy which has already resulted in a significant denial of due process and violation of its own codes and rules.

    Against this background, we request permission to move to intervene as of right. This Court is itself a government actor, and granting the exact relief requested by plaintiffs would violate Dr. Ross's First Amendment rights (along with those of numerous other faculty, students and staff). Granting leave to intervene would assure that there is a party in the case willing and able assertively to brief and argue these critical First Amendment issues.

Sincerely,

/s/ Jonathan Wallace