**O'Melveny**

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number:
0619843-00002

January 31, 2024

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>Via ECF</u>

Hon. Paul A. Crotty
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>Ingber et al. v. New York University</u>, 23-CV-10023 (S.D.N.Y.) (PAC)

Dear Judge Crotty:

Defendant New York University ("NYU" or "the University") opposes Dr. Andrew Ross's extraordinary request to intervene as a defendant under Rule 24(a), *see* ECF No. 22, for the following reasons, among others: because Plaintiffs' complaint (and impending amended complaint) should be dismissed, intervention will be rendered moot; and intervention is otherwise not appropriate under Rule 24(a). At minimum, the Court should postpone deciding Dr. Ross's motion until after it resolves NYU's forthcoming motion to dismiss.

**I.    Any Motion to Intervene Is Moot Because the Complaint Should Be Dismissed.**

Dr. Ross's letter underscores why the complaint must be dismissed, ECF No. 22, and thus why his intervention motion will be moot. *Disability Advocs., Inc. v. New York Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012) ("[I]ntervention [cannot] . . . breathe life into a 'nonexistent' law suit." (quoting *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir.1965)).

As NYU previously explained, to prevail, Plaintiffs must show that NYU acted with "deliberate indifference" to antisemitic conduct on its campus, ECF No. 19 at 1. But the complaint itself shows the opposite—that NYU responded swiftly and decisively to antisemitic conduct in

the wake of the October 7, 2023 terrorist attack in Israel by, for instance, diligently implementing a robust 10-Point Plan to promote the safety and well-being of its students. *Id.* at 1-2. Dr. Ross's letter likewise demonstrates that NYU is enforcing its policies that prohibit antisemitism.

Intervention would also be moot because Plaintiffs' complaint is not ripe. Simply put, the Court cannot evaluate the sufficiency of NYU's response while that response is ongoing. For example, Dr. Ross's letter refers to disciplinary proceedings that commenced after the lawsuit was filed and that are still underway. ECF No. 22. It also highlights how judicial review would disrupt and impede the "flexibility," *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648-49 (1999), that the University needs to continue reducing tensions on campus by balancing the interests of stakeholders with diverging views, including students like Plaintiffs and faculty like Dr. Ross.

## II. Dr. Ross Fails to Satisfy the Standards for Intervention as of Right under Rule 24(a).

Dr. Ross also cannot make either of the two showings required to intervene as of right. *First*, Dr. Ross has no "direct, substantial, and legally protectable" interest that may be impaired by the disposition of the action. *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990); Rule 24(a). Dr. Ross asserts that he is entitled to intervene because this litigation jeopardizes his "personal and academic freedoms." ECF No. 22. But this case is about whether NYU has been deliberately indifferent to conduct that is discriminatory under federal law. NYU was not deliberately indifferent, and it is committed to upholding values of academic freedom consistent with its policies. But to the extent Professor Ross claims that he has a "legally protectable" interest in engaging in conduct that violates federal nondiscrimination law, NYU's existing policies prohibit such conduct, consistent with Title VI.[1]

---

[1] Though NYU is a private institution, Dr. Ross invokes the First Amendment, arguing that the state action requirement is satisfied because the "Court is itself a government actor." ECF No. 22. Were that true, the state action requirement would be meaningless because it would be satisfied in *every* case. That is not the law.

Moreover, the relationship between this lawsuit and any *new* alleged restriction on Dr. Ross's conduct is too speculative to satisfy the Rule 24(a) "direct interest" requirement. Dr. Ross's concern about being the subject of a disciplinary proceeding under a new policy "is contingent upon the occurrence of a sequence of events before [that interest] becomes colorable," including: (i) the outcome of *this* proceeding; (ii) any policies that the University *may* adopt in response to that outcome; and (iii) the application of those *possible* policies to conduct that has yet to occur, through an independent disciplinary proceeding. *Wash. Elec.*, 922 F.2d at 97. Such a "contingent" interest "cannot be described as direct or substantial." *Id.*; *see also United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 417 (2d Cir. 2001) (an "indirect and contingent" interest is "not cognizable" under Rule 24(a)).

*Second*, intervention as of right is unavailable because Dr. Ross cannot demonstrate that the University inadequately represents the interests of its faculty in this litigation. A "more rigorous showing of inadequacy" is required when (as here) a would-be intervenor seeks the same relief as a party (here, dismissal of the complaint). *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Dr. Ross cannot satisfy that showing by saying that NYU must balance competing interests on campus. That need to balance competing interests, including those of students and faculty, is why courts adopted a deferential standard to review how universities respond to discrimination. ECF No. 19 at 2. Allowing members of a university community to intervene anytime they do not like how the balance has been struck would undermine the discretion this doctrine is meant to protect and result in unwieldly litigation.[2]

---

[2] Dr. Ross does not seek permissive intervention pursuant to Rule 24(b), nor could he. The same factors that make Dr. Ross ineligible for intervention under Rule 24(a) "militate against granting him permissive intervention under Rule 24(b)." *See Girl Friends Prods., Inc. v. ABC, Inc.*, 1999 WL 997259, at *1 (S.D.N.Y. Nov. 3, 1999). Additionally, Dr. Ross's intervention would "unduly delay or prejudice" the litigation, *see* Rule 24(b)(3), including by "open[ing] the floodgates to other requests for permissive intervention by similarly interested parties," such as other NYU faculty members and students, *Kearns v. Cuomo*, 2019 WL 5060623, at *6 (W.D.N.Y. Oct. 9, 2019).



Sincerely,


/s/ Daniel M. Petrocelli
Daniel M. Petrocelli
*Pro Hac Vice*
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
E-mail: dpetrocelli@omm.com

*Attorney for Defendant New York University*

January 31, 2024