# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

**VIA ECF**                                                                                          January 31, 2024

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Ingber et al. v. New York University*, Case No. 1:23-cv-10023 (SDNY) (PAC)

Dear Judge Crotty:

      We represent plaintiffs and write in opposition to proposed intervenor-defendant Andrew Ross's letter (ECF 22) requesting a pre-motion conference concerning his proposed motion to intervene as of right in this action, in which Jewish and Israeli students seek relief against NYU for, among other things, NYU's violations of Title VI, 42 U.S.C. § 2000d *et seq.*, arising from its deliberate indifference and clearly unreasonable response to the antisemitism endemic on its campus for many years.

      The entire premise of NYU Professor Ross's proposed motion is his speculation that this Court might enter an order "end[ing] or chill[ing]" his First Amendment right to criticize the State of Israel. Contrary to his letter, plaintiffs do not seek, and do not ask this Court, to restrict Ross's First Amendment rights. Ross's employer, NYU, however, is a private university not subject to the First Amendment. *See Locurto v. Giuliani*, 447 F.3d 159, 163 (2d Cir. 2006) ("unlike a private employer," the government must "respect its employees' First Amendment rights to free speech"). Moreover, NYU receives federal financial assistance and therefore is barred by Title VI from excluding Jewish or Israeli students from participation in and depriving

them of the benefits of their NYU education, or subjecting them to discrimination based on their religion or national origin.  NYU has every right—and, under Title VI, it has the obligation—to regulate its employees' speech or conduct in order to prevent or remedy a violation of Title VI.[1] Likewise, contrary to Ross's letter, this Court is of course fully empowered in an appropriate case, like this one, to order NYU to comply with its obligations under Title VI by regulating such speech or conduct.

Professor Ross thus cannot show, as he must under Rule 24(a), that he has a "direct, substantial, and legally protectable" interest in this action.  *Floyd v. City of New York*, 770 F.3d 1051, 1057, 1060 (2d Cir. 2014).  Ross, who is mentioned in one of the complaint's 281 paragraphs,[2] admits that he has no unique interest at all here that is not shared by "numerous other faculty, students and staff," ECF 22, which itself warrants denial of intervention.  *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 47 (D. Mass. 2015) (rejecting Rule 24(a) intervention, in part, because "there is little that distinguishes the proposed intervenors" from "any other" students "who may potentially be . . . affected directly by the outcome of the case").

Even if Professor Ross could show that he has a cognizable interest (and he cannot), Ross cannot also show, as he must, that NYU will not adequately represent that purported interest. NYU and its sophisticated counsel will no doubt vigorously defend all of NYU's and its faculty's cognizable interests.  *See NRDC v. Dep't of Env't Conservation*, 834 F.2d 60, 62 (2d Cir. 1987) ("So long as the party has demonstrated sufficient motivation to litigate

---

[1] *See Locurto*, 447 F.3d at 163 (holding that even government employer New York City is entitled, notwithstanding the First Amendment, to discharge police officer and fire fighter for participating in a Labor Day parade on a float featuring mocking stereotypes of African Americans).

[2] Paragraph 187 of the complaint alleges: "Professor Andrew Ross spoke at the Walkout for Solidarity with Palestine, formed FJP, and has supported BDS since the 1990s."  ECF 1, ¶ 187.

vigorously and to present all colorable contentions . . . the interests of the intervenor are adequately represented."). Ross asserts that NYU will not oppose this Court's adoption of the International Holocaust Remembrance Alliance ("IHRA") definition of "antisemitism," which, he contends, could "harm" his "academic and personal freedoms." ECF 22. But, again, as a private employer, NYU is perfectly free to adopt that definition, and Ross has no cognizable interest in preventing it from doing so. In fact, as the complaint alleges, NYU already explicitly agreed, in a settlement of prior antisemitism charges over three years ago with the Department of Education, to adopt the IHRA definition—a definition endorsed, in substance and relevant part, by the Trump and Biden administrations. ECF 1, ¶¶ 22-27, 82-83. As the complaint also alleges, NYU has abjectly failed to apply that definition (or any other) in ensuring that it complies with Title VI—a failure which, unfortunately, has necessitated this action.

    Accordingly, because Ross's motion would be futile and a waste of the Court's and the parties' time and resources, his request for a pre-motion conference should be denied.

                                       Respectfully,

                                       Marc E. Kasowitz