**Jonathan Wallace, Esq.**
**PO #728**
**Amagansett, New York 11930**
**917-359-6234**
**jonathan.wallace80@gmail.com**

March 13, 2024

VIA ECF

Hon. Loretta Preska
United States District Judge,
Southern District of New York

Re: Ingber v. New York University, 23-CV-10023 (SDNY) (PAC)

Dear Judge Preska:

    I represent Andrew Ross, an NYU professor mentioned by name in the Complaint, and accused of anti-Semitism. Two other faculty and a student now join in my request for leave to intervene in the above-titled case.

    On or about January 25, pursuant to the rules of Judge Crotty, then assigned to the case, I filed a letter requesting a conference to seek leave to move to intervene as of right. That conference, scheduled and canceled twice, has not yet taken place. In the meantime, the situation that students and faculty are facing at NYU is becoming more dire. I wrote to the office of NYU general counsel a few days ago describing how NYU's Office of Equal Opportunity has been weaponized as a tool of discrimination. Every day I am getting calls from more professors, most of them Arab American, Muslim, African American and Latino, who are under investigation by that office based on complaints about pro-Palestinian First Amendment-protected speech on personal social media, their facial expression when a student brought a pro-Israel poster to class, a student spotting the phrase "Free Palestine" in a professor's personal email which she was reviewing during a beak. These harms are proximately caused by NYU's acceptance of the IHRA standards, a vague, overbroad, unconstitutional private speech code which NYU agreed to in a 2020 consent decree and is enforcing. The plaintiffs in *Ingber* are asking this Court to adopt the IHRA standards as the legal definition of anti-Semitism. NYU is investigating my clients, not defending their academic freedom-- and failed to raise any First Amendment defenses in its motion to dismiss. This seems to me a textbook case for intervention.

    I call this Court's attention to the case of *Fakhreddine et all v. U. Penn,* 24-cv-01034 in the Eastern District of Pennsylvania, which Shahily Negron and I filed a few days ago, and which has just been transferred to the same judge who was assigned an anti-Semitism case similar to *Ingber*, *Jakoby v. U Penn.* We will also move to consolidate, unless the Court does so *sua sponte.* There, as here, we are looking for the opportunity to contest the constitutionality of the IHRA standards raised in the other case—which U. Penn. also failed to do in its motion to dismiss.

    I am respectfully requesting that, given the worsening situation at NYU and the passage of

time, we skip the step of holding a conference at which the other parties will argue the motion is not meritorious, and that Your Honor grant us leave to make the motion, so that we can all go straight at the merits.

Sincerely,

/s/ Jonathan Wallace