# KASOWITZ BENSON TORRES LLP

1633 BROADWAY  
NEW YORK, NEW YORK 10019  
(212) 506-1700  
FAX: (212) 506-1800

Marc E. Kasowitz  
Direct Dial: (212) 506-1710  
Direct Fax: (212) 835-5010  
MKasowitz@kasowitz.com

ATLANTA  
HOUSTON  
LOS ANGELES  
MIAMI  
NEWARK  
SAN FRANCISCO  
SILICON VALLEY  
WASHINGTON DC

**VIA ECF**                                                                                                        March 18, 2024

The Honorable Loretta A. Preska  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

   Re: <u>*Ingber et al. v. New York University*, Case No. 1:23-cv-10023 (SDNY) (LAP)</u>

Dear Judge Preska:

  We write on behalf of plaintiffs in response to proposed intervenor-defendant Andrew Ross's second letter to the Court (ECF 33) concerning his proposed motion to intervene as of right in this action (ECF 22), in which Jewish and Israeli students seek relief against New York University ("NYU") under Title VI and other statutes for its violations of their civil rights.

  Professor Ross says that he and three unnamed individuals seek to intervene to show that the widely adopted definition of antisemitism by the International Holocaust Remembrance Alliance ("IHRA") is a "vague, overbroad, unconstitutional private speech code."  But his letter, like his first letter (ECF 22), ignores the Rule 24(a) requirements for intervention, which include showing that he has a "direct, substantial, and legally protectable" interest in the action, *Floyd v.*

*City of New York*, 770 F.3d 1051, 1057, 1060 (2d Cir. 2014), and that NYU will not adequately represent his legitimate interests.  Professor Ross again comes nowhere close to showing that he can meet these requirements.  As plaintiffs outlined in their response to his first letter (ECF 24), he has no protectable interest at all—the First Amendment in no way bars the relief plaintiffs seek against a private (or even governmental) institution in a civil rights action like this one.  Even if it did apply here, he does not and cannot show that NYU would not adequately assert and protect such an interest.  He refers to *Fakhreddine v. University of Pennsylvania*, Case No. 2:24-cv-1034 (E.D. Pa.), in which several University of Pennsylvania ("Penn") faculty members seek to enjoin Penn's compliance with a document request from the House Committee on Education and the Workforce, but he does not and cannot show that that action has any relevance here.

    The IHRA definition—which has been widely adopted worldwide by governments and private parties, including, as Professor Ross concedes, by NYU itself (although it has egregiously failed to implement it)—is not vague, overbroad or unconstitutional but is nothing more than a straightforward application of anti-discrimination principles to the world's oldest and most persistent hatred.  Contrary to the Professor's assertions, plaintiffs do not seek to chill any First

Amendment-protected criticism of Israel or pro-Palestinian speech by anyone, but only to protect themselves against invidious violations of their civil rights.

Respectfully,

Marc E. Kasowitz