```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| BELLA INGBER, et al.,<br><br>                Plaintiffs,<br><br>-against-<br><br>NEW YORK UNIVERSITY,<br><br>                Defendant. | 23-CV-10023 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant New York University's ("NYU") unopposed letter motion, (see dkt. no. 41), seeking to file under seal the unredacted version of NYU's memorandum of law in support of its motion to dismiss and the unredacted version of the Declaration of Jason Pina, each filed in support of NYU's motion to dismiss, (see dkt. no. 37).

    Although the judicial documents for which NYU requests sealing carry a "strong presumption of [public] access," sealing is justified when a district court renders "specific, on-the-record findings that sealing is necessary to preserve higher values," and the district court issues a sealing order "narrowly tailored to achieve that aim." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121, 124 (2d Cir. 2006).

    In fashioning such a sealing order, the court must balance competing considerations against the presumption of public access that applies to judicial documents. See id. at 120. One such

1

competing interest, or higher value, the court must consider is the privacy interest of those who would be affected by disclosure. See id.  In particular, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (cleaned up).  Such interests "are a venerable common law exception to the presumption of access."  Id. at 1051.

Pursuant to this principle, other courts in this District have on several occasions permitted redactions of sensitive information relating to persons who were non-parties to a litigation.  See Rowe v. Google LLC, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (granting request to redact identifying personal financial information about individuals not party to the lawsuit); Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting limited redactions of "sensitive personal information" of "affected third parties").

Similarly, another court in this District has held that even the disciplinary records of individual parties to a litigation carried a "significant privacy interest" that "trump[ed] the presumed right of access to judicial documents."  Fernandez v. City of N.Y., 457 F. Supp. 3d 364, 400-01 (S.D.N.Y. 2020).

Finally, at least one other court in the Second Circuit has granted a defendant university's request to redact information that could be used to identify students who participated in an

2

investigation into sexual harassment. See Byrne v. Yale Univ., Inc., 2020 WL 1820761, at *3 (D. Conn. Apr. 10, 2020). In Byrne, the District of Connecticut concluded that the third-party students had a "compelling privacy interest" that outweighed public disclosure. Id.

Applying the principles propounded by the decisions described above, the Court finds that the reason proffered by NYU in its letter motion for sealing the unredacted versions of the materials supporting its motion to dismiss—that is, the privacy interests of non-party students who are subject to disciplinary proceedings—outweighs any presumption of public access in the unsealing of such materials. The students whose disciplinary information NYU has sought to redact have not initiated or participated in the instant lawsuit. They remain non-parties whose disciplinary records are sensitive information that need not be publicly disclosed—at least at this point—to adjudicate this case.

Further, NYU's proposed redactions are limited to only a few sentences in the Declaration of Jason Pina and in its memorandum of law. NYU's proposal is thus tailored narrowly enough to preserve the non-party students' privacy interest without jeopardizing the right of access that presumptively applies to judicial documents.

Accordingly, the Court grants NYU's unopposed motion to file under seal the unredacted versions of its memorandum of law in

3

support of its motion to dismiss and the declaration of Jason Pina. NYU may file the redacted versions via ECF.

The Clerk of the Court shall close docket entry number 41.

**SO ORDERED.**

Dated:     March 25, 2024
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge