UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BELLA INGBER, SABRINA MASLAVI, NEVO YEMINI, AVIGAIL TEILER, and STUDENTS AGAINST ANTISEMITISM, INC.,

        Plaintiffs,

-against-

NEW YORK UNIVERSITY,

        Defendant.

Case No. 23-cv-10023-LAP

---

**DECLARATION OF BELLA INGBER**

I, Bella Ingber, declare as follows:

    1.    I am a Jewish student at New York University ("NYU") and a plaintiff in this action. I am one of three founding directors of Students Against Antisemitism, Inc. ("SAA"). I submit this declaration in support of Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Motion to Strike.

    2.    SAA is a duly registered Delaware not-for-profit corporation and a tax-exempt "public charity" pursuant to Internal Revenue Code § 501(c)(3). SAA was conceived and formed after NYU and other universities across the country experienced a surge in antisemitism following October 7, 2023. SAA's mission is to defend human and civil rights, including the right of individuals to equal protection and to be free of antisemitism in higher education, through litigation and other lawful means.

    3.    SAA is a voluntary membership organization, composed primarily of current students at American higher education institutions. Its members also include applicants to higher education institutions, alumni, and parents who support SAA's mission.

4.  Prior to joining SAA, all members are informed of SAA's mission statement and must agree to join the organization to support that mission. Each member provides contact information to SAA as part of her enrollment.

5.  On January 31, 2024, when the amended complaint was filed, SAA had ▮▮▮ ▮▮ members, each of whom had voluntarily joined.

6.  Among SAA's members are ▮▮▮▮▮▮▮▮▮▮ current NYU students, including the four pseudonymous members referred to in the amended complaint, who are experiencing a severe and pervasive hostile educational environment that causes them to lose the benefits of NYU's educational and extracurricular opportunities. Each of these members voluntarily joined SAA.

7.  Under SAA's By-Laws, SAA's student members have the right to elect a member of the board of directors at each annual meeting. I currently hold that board seat.

8.  As part of my responsibilities, I, along with all other directors, have the power to manage SAA's affairs, which includes monitoring antisemitism at American universities, developing educational and community outreach programming, and, when appropriate, retaining legal counsel in efforts to defend the rights of SAA members.

9.  When SAA initiates lawsuits on behalf of its Jewish and/or Israeli student-members, my role as a director of SAA includes ensuring that each member on whose behalf SAA has brought suit provides input and is kept informed of its progress.

10. Each member on whose behalf SAA has initiated this action voluntarily joined, at least in part, because of his or her knowledge and goal that SAA would represent his or her legal interests in this action.

11. SAA has met with each member on whose behalf SAA has initiated this action and obtained his or her approval to bring and maintain this action. Each such member has had meaningful input to ensure that SAA genuinely represents his or her interests.

12. Through their status as formal members, voting rights, and ability to resign, each member on whose behalf SAA has initiated this action has the means to influence SAA's priorities and activities. Each member on whose behalf SAA has initiated this action is in regular contact with SAA regarding the progress of this action.

13. SAA's board has the authority to set membership dues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2024

_____
Bella Ingber