# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKASOWITZ@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

**VIA ECF**                                             April 29, 2024

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

Re: *Ingber et al. v. New York Univ.*, Case No. 1:23-cv-10023 (SDNY) (LAP)

Dear Judge Preska:

We write on behalf of plaintiffs to respectfully request leave, pursuant to Rule 2.H of Your Honor's Individual Practices, to file under seal the unredacted declaration of a Students Against Antisemitism, Inc. ("SAA") member ("Member #2 Declaration") and the unredacted declaration of Bella Ingber ("Ingber Declaration," and together with the Member #2 Declaration, "Declarations"), in opposition to defendant's ("NYU") motion to dismiss and to strike. ECF No. 37. Plaintiffs seek to redact from the Member #2 Declaration the name of that member and other personally identifying information. Plaintiffs seek to redact from the Ingber Declaration details regarding the number of SAA members.

SAA is a nonprofit organization "formed to defend human and civil rights, including the rights of individuals to equal protection and to be free from antisemitism in higher education," and is composed of voluntary members, "includ[ing] current Jewish and Israeli NYU students experiencing a severe and pervasive hostile educational environment." ECF No. 25 ("AC") ¶ 16. SAA joined this action to seek injunctive relief on behalf of its NYU student members prohibiting NYU from continuing its discriminatory practices against Jewish and

Israeli students. The Declarations are necessary for plaintiffs to rebut NYU's challenge to SAA's associational standing, *see* ECF No. 42 at 19-20, by showing that SAA is a traditional membership organization that has associational standing.

While documents "relevant to the performance of the judicial function and useful in the judicial process" are afforded a "presumption of [public] access," courts must "balance competing considerations," including "the privacy interests of those resisting disclosure," especially where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted). In evaluating privacy interests, courts must consider the "nature and degree of injury," including considering "the sensitivity of the information." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). The Declarations contain certain private information protected by associational privilege, and information that would subject SAA Member #2 to possible harm and retaliation if not redacted.

As for the Member #2 Declaration, SAA seeks to protect its members' privacy interests from public disclosure. Disclosure of the identities of SAA members would "adversely affect the ability of . . . its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate, in that it may induce members to withdraw from [SAA] and dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure." *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 463 (1958); *see also Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 119 (2d Cir. 2024) (recognizing "legal procedures and standards" through which an organization can "seek[] to protect its members' identities—either from the public or the opposing party"). The Member #2 Declaration contains personally identifiable information that would link SAA Member #2's name to allegations in the Amended Complaint, including that: SAA Member #2 experienced antisemitism in the classroom by a professor and teaching assistant; endured antisemitic slurs and physical intimidation at a student-organized rally attended by students and faculty; had to "drop[] classes for fear that her professors and classmates will treat her unequally"; and "feels unsafe on campus and is treated like she should be ashamed." AC ¶¶ 117-19, 207-08, 247. If SAA Member #2's identity is disclosed to the public, she would be particularly vulnerable to retaliation and harms because this litigation concerns highly sensitive matters and the environment at NYU is volatile and dangerous. *See, e.g.*, *Grottano v. The City of New York*, 2016 WL 2604803, at *2-3 (S.D.N.Y. Mar. 30, 2016) (assault victim permitted to proceed anonymously where the "allegations involve[d]

matters that are highly sensitive and of a personal nature," and defendants were not prejudiced because "there are other plaintiffs in this Court alleging similar conduct who will be proceeding under their real names" (citation omitted)); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019) (granting motion to redact names of employees who participated in age discrimination investigation, and recognizing a "significant and weighty interest" in "ensuring that [] employees do not fear reprisal or retaliation . . . as a result of their participation"). Similarly, the Ingber Declaration contains confidential information about SAA's membership, which is protected by the associational privilege. *P. & B. Marina, Ltd. P'ship v. Logrande*, 136 F.R.D. 50, 59 (E.D.N.Y. 1991) ("The Supreme Court has recognized a First Amendment associational privilege against disclosing membership lists." (citing *NAACP*, 357 U.S. at 462)), *aff'd*, 983 F.2d 1047 (2d Cir. 1992). Information of this type is also "traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051.

For these reasons, plaintiffs ask the Court to grant plaintiffs leave to file the unredacted versions of the Ingber Declaration and the Member #2 Declaration under seal with the redacted versions available on the public record.

Respectfully submitted,

*/s/ Marc E. Kasowitz*
Marc E. Kasowitz